IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 2:09-cr-29-ECM |
| | ) | (WO) |
| JAMES ELMO TURNER, JR. | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Defendant's *pro se* motion for early termination of probation (doc. 54) which the Court construes as a motion for early termination of supervised release.

On August 17, 2009, the Defendant pled guilty to count 2 of the Indictment charging him with violating 18 U.S.C. § 2252A(a)(2), receiving child pornography in interstate commerce by computer.  (Doc. 31).   In his plea agreement, the Defendant specifically agreed to a "life term of supervised release."   (*Id*., at 3, para. 9).   On January 21, 2010, in accordance with the plea agreement, the District Court sentenced the Defendant to 63 months imprisonment and a life term of supervision.   (Doc. 40).

On October 31, 2014, the Defendant began his life term of supervised release.   On November 17, 2022, the Defendant filed a *pro se* motion to end his supervised release.   (Doc. 54).   In support of his motion, he asserts that he served his sentence with no disciplinary instances.   He further asserts that since his release from incarceration, he has maintained employment, volunteered at church, and followed "all rules and restrictions."   (*Id*.).   Finally, he asserts that he has submitted to polygraph examinations, forensics evaluations, and "[i]n the last seven years, I have not violated the law."   (*Id*.)

The Defendant's Probation Officer confirmed that the Defendant has followed all

conditions imposed on him.   (Doc. 57).   However, the United States opposes the Defendant's motion because "discharging a life-term of supervision after only eight years would be premature."   (*Id*.).

Pursuant to 18 U.S.C. § 3583(e)(1), the Court may terminate a term of supervised release after completion of one year thereof, if the Court determines that early termination is warranted by the Defendant's conduct and is in the interest of justice.   *See United States v. Johnson*, 877 F.3d 993, 996 (11th Cir. 2017).   In making this determination, the Court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a). (*Id*.).   These sentencing factors include the nature and circumstances of the offense, the history and characteristics of the Defendant, the need for deterrence, the need to avoid unwarranted sentencing disparities, and the need to protect the public from further crimes of the Defendant.   *See* 18 U.S.C. § 3583(e)(1) and § 3553(a); *Johnson*, 877 F.3d at 996, n.7.

While the Court appreciates the fact that the Defendant has complied with the sex offender registration requirements and has not engaged in any new criminal conduct, the Court finds that the Defendant's compliance with the law is not an adequate, independent basis for early termination of supervised release.   While the Defendant's conduct may weigh in favor of early termination, the interests of justice demand that the Defendant's motion for early termination be denied.   The Defendant has served only eight years on supervised release for the offense for which he was convicted.   In addition, the Defendant agreed to a life term of supervision as part of his plea agreement.   In exchange for his agreement to plead guilty, the government agreed to dismiss counts against the Defendant.   The government

fulfilled its part of the bargain and dismissed two counts at sentencing.   To permit early termination of supervised release at this junction would permit the Defendant to avoid his obligations under the plea agreement.

More importantly, however, considering the nature and circumstances of the offense, coupled with the need to protect the public and the need for deterrence, the interests of justice dictate that the Defendant remain under supervision.   Notably, while the Defendant appears to have done well and conducted himself lawfully, he has done so while under supervision. The Defendant's prior criminal conduct spanned years, and based on his nature and characteristics, the Court determines that continued supervision of the Defendant is appropriate.   While under supervision, the Defendant has restrictions on computer use, the mechanism by which he committed the underlying offenses, and restrictions on contact with children under the age of 18.   Early termination of supervision would wholly remove these restrictions.   Consequently, for the reasons as stated, the Court concludes that the interests of justice demand that the Defendant's motion for early termination be denied.

## CONCLUSION

Accordingly, upon consideration of the motion, and for good cause, it is

ORDERED that the Defendant's motion for early termination of supervised release (doc. 54) is DENIED.

Done this the 17th day of January, 2023.

/s/Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE